IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ELLY LERNER, on behalf of himself          *
and those similarly situated,
                                           *
        Plaintiff,
                                           *
v.                                                    Civil Action No. GLR-20-965
                                           *
AMERIFINANCIAL SOLUTIONS,
LLC, et al.,                               *

        Defendants.                        *

                                         ***

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendants AmeriFinancial Solutions, LLC

("AmeriFinancial") and Valley Emergency Room Associates, P.A.'s ("Valley") Motion to

Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 48). The Motion is ripe for

disposition and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the

reasons outlined below, the Court will deny the Motion.

## I.    BACKGROUND[1]

Plaintiff Elly Lerner brings this putative class action lawsuit against Defendants

pursuant to the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227

et seq. (First Am. Class Action Compl. ["Am. Compl."] ¶ 1, ECF No. 11). Lerner states

that AmeriFinancial, on behalf of Valley, contacted his cellular telephone number on April

15, 2016, April 24, 2016, and May 12, 2016. (Id. ¶¶ 18–21). In these phone calls,

---

[1] Unless otherwise noted, the Court takes the following facts from Lerner's
Amended Complaint and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94
(2007) (citations omitted).

AmeriFinancial left pre-recorded voicemail messages without Lerner's consent in violation of the TCPA. (Id. ¶¶ 18–19, 25).

On April 14, 2020, Lerner initiated this class action lawsuit against AmeriFinancial. (ECF No. 1). On June 4, 2020, Lerner filed an Amended Complaint to include Valley. (ECF No. 11). The Amended Complaint alleges that Defendants violated the TCPA. (Am. Compl. ¶¶ 41–48). Lerner seeks injunctive relief, statutory damages, attorneys' fees, and an order certifying this Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure. (Id. at 10). Defendants filed their Answers to the Amended Complaint on July 17, 2020, and July 28, 2020. (ECF Nos. 31, 38).

On December 1, 2020, Defendants filed a joint Motion to Dismiss for Lack of Subject Matter Jurisdiction. (ECF No. 48). On December 22, 2020, Lerner filed a Response in Opposition to the Motion to Dismiss. (ECF No. 51). On January 12, 2021, Defendants filed a Reply. (ECF No. 54). Lerner and Defendants have subsequently filed several Notices of Supplemental Authority. (ECF Nos. 55, 58–63).

## II.   DISCUSSION

### A.   Standard of Review

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. A defendant challenging a complaint under Rule 12(b)(1) may advance a "facial challenge, asserting that the allegations in the complaint are insufficient to establish subject-matter jurisdiction, or a factual challenge, asserting 'that the jurisdictional allegations of the complaint [are] not true.'" Hasley v. Ward Mfg., LLC, No. RDB-13-1607, 2014 WL 3368050, at *1 (D.Md. July 8, 2014) (alteration in original)

(quoting <u>Kerns v. United States</u>, 585 F.3d 187, 192 (4th Cir. 2009)). When, as here, a defendant raises a facial challenge, the Court affords the plaintiff "the same procedural protection as he would receive under a Rule 12(b)(6) consideration." <u>Kerns</u>, 585 F.3d at 192 (quoting <u>Adams v. Bain</u>, 697 F.2d 1213, 1219 (4th Cir. 1982)). As such, the Court takes the facts alleged in the Amended Complaint as true and will deny the motion if the Amended Complaint alleges sufficient facts to invoke subject-matter jurisdiction.

**B.**    <u>**Analysis**</u>

Defendants contend that this Court lacks subject-matter jurisdiction over Lerner's lawsuit. (AmeriFinancial & Valley Br. Supp. Mot. Dismiss Pl.'s Compl. ["Defs.' Mot."] at 4–9, ECF No. 48-1). Defendants raise two main arguments in support of their position: (1) that the Supreme Court's decision in <u>Barr v. American Ass'n of Political Consultants, Inc.</u>, 140 S.Ct. 2335 (2020), strips this Court of subject-matter jurisdiction to hear Lerner's claim, (Defs.' Mot. at 5–7); and (2) that other district courts who have considered motions to dismiss on identical issues have dismissed the plaintiffs' claims in those cases, (<u>id.</u> at 9). At bottom, the Court disagrees and will deny Defendants' Motion.

The TCPA, passed in 1991, generally bars robocalls to cellphones and home phones. <u>See</u> 47 U.S.C. § 227(b)(1)(A)(iii). On November 2, 2015, Congress amended the TCPA by adding an exception permitting robocalls made to collect government debt (the "government-debt exception"). <u>See</u> Bipartisan Budget Act of 2015, Pub. L. 114-74, 129 Stat. 584, Title III, § 301(a)(1) (2015). Under the updated 2015 version of the TCPA:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice— . . .
>
> > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, <u>unless such call is made solely to collect a debt owed to or guaranteed by the United States</u>[.]

47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added).

On July 6, 2020, the Supreme Court considered the constitutionality of the government-debt exception. <u>See</u> <u>Barr v. Am. Ass'n of Pol. Consultants, Inc</u>, 140 S.Ct. 2335 (2020) [hereinafter "<u>AAPC</u>"]. The Supreme Court determined that the addition of the government-debt exception to the TCPA is an unconstitutional content-based restriction favoring speech made for the purpose of collecting government debt over other forms of speech, such as speech made for the purpose of collecting non-government debt. <u>Id.</u> at 2347. In keeping with precedent, instead of invalidating the statute in its entirety, the Supreme Court severed the government-debt exception from the TCPA. <u>Id.</u> at 2356 ("We hold that the 2015 government-debt exception added an unconstitutional exception to the law. We cure that constitutional violation by invalidating the 2015 government-debt exception and severing it from the remainder of the statute.").

Defendants argue that the Supreme Court's ruling regarding the unconstitutionality of the government-debt exception renders 47 U.S.C. § 227(b)(1)(A)(iii)—the section of the

TCPA upon which Lerner bases his claim—invalid from November 2, 2015, the date
Congress amended the statute to include the government-debt exception, until July, 6 2020,
the date the Supreme Court severed the government-debt exception from the TCPA (the
"Unconstitutional Period"). (<u>See</u> Defs.' Mot. at 5–7). Defendants assert that because the
alleged phone calls and voicemails Lerner received from AmeriFinancial occurred between
April 15, 2016 and May 12, 2016—i.e., during the Unconstitutional Period—this Court
lacks subject-matter jurisdiction to hear Lerner's claim. (<u>Id.</u>).

    In <u>AAPC</u>, seven Justices agreed to sever the government-debt exception from the
TCPA. <u>See</u> 140 S.Ct. at 2343. In writing the Supreme Court's plurality opinion, Justice
Kavanaugh appeared to squarely address Defendants' argument:

> Although our decision means the end of the government-debt
> exception, no one should be penalized or held liable for making
> robocalls to collect government debt after the effective date of
> the 2015 government-debt exception and before the entry of
> final judgment by the District Court on remand in this case, or
> such date that the lower courts determine is appropriate. <u>On the
> other side of the ledger, our decision today does not negate the
> liability of parties who made robocalls covered by the robocall
> restriction.</u>

<u>Id.</u> at 2355 n.12 (emphasis added). Lerner's case does not involve the collection of
government debt; thus, according to Justice Kavanaugh, the severance of the government-
debt exception to the TCPA does not negate Defendants' liability. <u>See</u> <u>id.</u>

    Defendants argue that the quoted language from Justice Kavanaugh's opinion is
<u>dicta</u> and this Court should not follow Justice Kavanaugh's guidance. (Defs.'
AmeriFinancial & Valley Reply Pl.'s Opp'n Mot. Dismiss ["Reply"] at 3–4, ECF No. 54).
The Court disagrees. "When a fragmented Court decides a case and no single rationale

explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds.'" Marks v. United States, 430 U.S. 188, 193, (1977) (quoting Gregg v. Georgia, 428 U.S. 153, 169 n.15 (1976)). As explained by another district court considering this issue:

> In this case, one single rationale explains the result joined by seven of the Justices: All seven agree that the 2015 amendment should be severed and the liability of parties making robocalls who were not collecting a government debt is not negated. In fact, three of those seven would not have held the 2015 amendment to be unconstitutional at all, and they certainly agreed Defendant could be held liable. Therefore, the Court finds Justice Kavanaugh's statement is not dicta and must be followed by this Court.

McCurley v. Royal Sea Cruises, Inc., No. 17-CV-00986-BAS-AGS, 2021 WL 288164, at *7 (S.D.Cal. Jan. 28, 2021). The Court finds this reasoning persuasive. Accordingly, the Court finds that it is bound by Justice Kavanaugh's opinion.

Even if Justice Kavanaugh's opinion were dicta, the Court would nonetheless reject Defendants' position. Defendants contend that several persuasive post-AAPC district court decisions support dismissing Lerner's claim. (Defs.' Mot. at 9). Including the cases referenced in Defendants' Reply (ECF No. 54) and Statement of Supplemental Authority (ECF No. 62), Defendants cite to four cases previously decided by various district courts: Creasy v. Charter Communications, Inc., 489 F.Supp.3d 499 (E.D.La. 2020); Lindenbaum v. Realgy, LLC, No. 1:19 CV 2862, --- F.Supp.3d ---, 2020 WL 6361915 (N.D.Ohio Oct.

29, 2020);[2] <u>Cunningham v. Matrix Financial Services, LLC</u>, No. 4:19-CV-896, 2021 WL 1226618 (E.D.Tex. Mar. 31, 2021); and <u>Hussain v. Sullivan Buick-Cadillac-GMC Truck, Inc.</u>, No. 5:20-CV-38-OC-30PRL, 2020 WL 7346536 (M.D.Fla. Dec. 11, 2020)[3]. In these cases, the courts found that the Supreme Court's <u>AAPC</u> decision required dismissal of TCPA claims asserted against non-government defendants where the cause of action arose during the Unconstitutional Period.

The weight of the post-<u>AAPC</u> district court decisions analyzing this issue, however, augur against granting Defendants' Motion. <u>See</u> <u>Moody v. Synchrony Bank</u>, No. 5:20-CV-61 (MTT), --- F.Supp.3d ---, 2021 WL 1153036, at *6 (M.D.Ga. Mar. 26, 2021); <u>Massaro v. Beyond Meat, Inc.</u>, No. 320CV00510AJBMSB, 2021 WL 948805 (S.D.Cal. Mar. 12, 2021); <u>Miles v. Medicredit, Inc.</u>, No. 4:20-CV-01186 JAR, 2021 WL 1060105 (E.D.Mo. Mar. 18, 2021); <u>Boisvert v. Carnival Corp.</u>, No. 8:20-CV-2076-30SPF, 2021 WL 1329079 (M.D.Fla. Mar. 12, 2021); <u>Stephen v. Rite Aid Corp.</u>, No. CV 20-5601-MWF (PDX), 2021 WL 1255423 (C.D.Cal. Feb. 2, 2021); <u>McCurley</u>, 2021 WL 288164; <u>Less v. Quest Diagnostics Inc.</u>, No. 3:20 CV 2546, 2021 WL 266548 (N.D.Ohio Jan. 26, 2021); <u>Bonkuri v. Grand Caribbean Cruises, Inc.</u>, No. 0:20-CV-60638-WPD, 2021 WL 612212 (S.D.Fla. Jan. 19, 2021); <u>Rieker v. Nat'l Car Cure, LLC</u>, No. 3:20CV5901-TKW-HTC, 2021 WL

---

[2] This decision is currently on appeal before the United States Court of Appeals for the Sixth Circuit. <u>See</u> <u>Lindenbaum v. Realgy, LLC</u>, No. 20-4252 (6th Cir. Nov. 11, 2020).

[3] The judge who issued this decision later wrote an opinion reaching the opposite conclusion. <u>See</u> <u>Boisvert v. Carnival Corp.</u>, No. 8:20-CV-2076-30SPF, 2021 WL 1329079, at *2 (M.D.Fla. Mar. 12, 2021) ("Upon further reflection, the Court departs from its earlier opinion because, since the Court's Order in <u>Hussain</u>, every court faced with this same issue has concluded that a plaintiff may continue to bring § 227(b) claims post-AAPC.").

210841 (N.D.Fla. Jan. 5, 2021); <u>Trujillo v. Free Energy Sav. Co.</u>, LLC, No. 5:19-CV-02072-MCS-SP, 2020 WL 7768722 (C.D.Cal. Dec. 21, 2020); <u>Shen v. Tricolor Cal. Auto Grp., LLC</u>, No. CV 20-7419 PA (AGRX), 2020 WL 7705888 (C.D.Cal. Dec. 17, 2020); <u>Abramson v. Fed. Ins. Co.</u>, No. 8:19-CV-2523-T-60AAS, 2020 WL 7318953 (M.D.Fla. Dec. 11, 2020). In each of these cases, the district courts denied motions to dismiss based on the same or similar argument to the one advanced by Defendants in this action.[4]

These decisions are also in accord with the lower courts to consider this issue prior to the <u>AAPC</u> decision. <u>See, e.g.</u>, <u>Duguid v. Facebook</u>, 926 F.3d 1146 (9th Cir. 2019); <u>Rosenberg v. LoanDepot.com LLC</u>, 435 F.Supp.3d 308 (D.Mass. 2020); <u>Perrong v. Liberty Power Corp.</u>, 411 F.Supp.3d 258 (D.Del. 2019); <u>Smith v. Truman Rd. Dev., LLC</u>, 414

---

[4] Following the <u>AAPC</u> decision, district courts in cases with slightly different procedural postures have similarly found that plaintiffs could advance TCPA claims against non-governmental defendants that accrued during the Unconstitutional Period. <u>See, e.g.</u>, <u>DiStasio v. Edible Arrangements, LLC</u>, No. 3:16-CV-00538 (VLB), 2021 WL 1087499, at *4 (D.Conn. Feb. 1, 2021) (denying motion for judgment on the pleadings upon finding that the Supreme Court had "severed the unconstitutional government debt exception" and therefore declining to find that the TCPA "was unconstitutional at the time suit was filed"); <u>Schmidt v. AmerAssist A/R Sols. Inc.</u>, No. CV-20-00230-PHX-DWL, 2020 WL 6135181, at *4 n.2 (D.Ariz. Oct. 19, 2020) (noting in the context of a motion for default judgment that plaintiff "has not alleged that her purported debt was owned or guaranteed by the government, so [AAPC] does not affect this case"); <u>Lacy v. Comcast Cable Commc'ns, LLC</u>, No. 3:19-CV-05007-RBL, 2020 WL 4698646, at *1 (W.D.Wash. Aug. 13, 2020) (lifting stay of TCPA case and finding that "while the Supreme Court invalidated the debt-collection exception, it severed the provision rather than striking down the TCPA's entire robocall restriction"); <u>Komaiko v. Baker Techs., Inc.</u>, No. 19-CV-03795-DMR, 2020 WL 5104041, at *2 (N.D. Cal. Aug. 11, 2020) (lifting stay of TCPA case upon finding that "[b]ecause the government-debt exception is not at issue in this case, the decision in [AAPC] does not impact Plaintiffs' claims"); <u>Burton v. Fundmerica, Inc.</u>, No. 8:19-CV-119, 2020 WL 4504303, at *1 n.2 (D.Neb. Aug. 5, 2020) (finding in the context of a motion for default judgment that although the government-debt exception was unconstitutional, "it was severable from the TCPA as a whole—so, the provision on which the plaintiff's claim relies survived").

F.Supp.3d 1205 (W.D.Mo. 2019); <u>Katz v. Liberty Power Corp., LLC</u>, No. 18-CV-10506-ADB, 2019 WL 4645524 (D.Mass. Sept. 24, 2019); <u>Sliwa v. Bright House Networks, LLC</u>, No. 216CV235FTM29MRM, 2018 WL 1531913 (M.D.Fla. Mar. 29, 2018).

Taken together, the district courts that have adopted Defendants' position are vastly outnumbered by those that have rejected it. While "no decision of a district court judge is technically binding on another district court judge, even within the same district . . . [o]pinions of other district judges are, however, 'persuasive authority entitled to substantial deference.'" <u>Nat'l Union Fire Ins. Co. v. Allfirst Bank</u>, 282 F.Supp.2d 339, 351 (D.Md. 2003) (quoting <u>Bryant v. Smith</u>, 165 B.R. 176, 180–181 (W.D.Va. 1994)). In this case, the sheer volume of district courts to reject the position taken by Defendants in this case is highly persuasive. Justice Kavanaugh's opinion—whether <u>dicta</u> or not—is similarly persuasive. As the United States District Court for the Southern District of California held:

> Even if the Court concluded that Justice Kavanaugh's footnote is dicta, this Court is nevertheless persuaded by this unambiguous announcement that the <u>AAPC</u> decision is not meant to disturb the entirety of the TPCA. Recognizing the preeminence of this nation's highest court, this Court cannot ignore such a clear statement, whether it be considered dicta or a holding.

<u>Massaro</u>, 2021 WL 948805, at *8 (citation omitted). Defendants have not presented sufficiently compelling arguments to overcome these persuasive authorities. Accordingly, the Court will decline to dismiss Lerner's claim for a lack of subject-matter jurisdiction.

## III.   CONCLUSION

For the foregoing reasons, the Court will deny Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 48). A separate Order follows.

Entered this 5th day of May, 2021.

                                                               /s/
                                              _____
                                              George L. Russell, III
                                              United States District Judge